**No. 57887.**—The Danwill Co. et al. *v.* United States, protests 186962–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

BEFORE THE SECOND DIVISION, MARCH 4, 1954

**No. 57888.**—Holz Company *v.* United States, protest 134227–K (San Francisco).

Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise consists of internal-combustion engines similar in all material respects to the articles involved in *Geo. S. Bush & Co., Inc.* v. *United States* (41 C. C. P. A. 33, C. A. D. 525), the claim of the plaintiff was sustained.   It was held that the value of the items involved is the percentage of the appraised value of said power saws, as noted in green ink on the invoices by the examiner.